1

**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
Attorney for Plaintiff

Ashley M. Williams
Arizona Bar No. 030233
ashleyw@phillipslaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Holguin, a single man,<br><br>                          Plaintiff,<br><br>vs.<br><br>Tam's Business, LLC, an Arizona Corporation;<br>Tam Enterprises, Inc., an Arizona Corporation;<br>Sit Meng Tam and Li Chang Ma, Husband and<br>Wife,<br><br>                          Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

        Plaintiff alleges

## **NATURE OF THE CASE**

        1.       The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor

conditions detrimental to the maintenance of the minimum standard of living necessary for

health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals,

the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2.      Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3.      Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages and failure to pay minimum wage in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4.      For at least two (2) years prior to the filing of this action, Defendants had a consistent policy and practice of paying its employees less than the minimum wage.

5.      For at least two (2) years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

6.      For at least two (2) years prior to the filing of this action, Plaintiff worked at least thirty (30) hours in excess of forty (40) hours per week and was not paid time and a half.

7.      Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

1

2

**JURISDICTION AND VENUE**

3

     8.     This Court has jurisdiction over the subject matter and the parties hereto pursuant

4

to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

5

     9.     Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the

6

events or omissions giving rise to the claims occurred in this District.

7

8

9

**PARTIES**

10

     10.     At all times material hereto, Plaintiff was and continues to be a resident of

11

Yavapai County, Arizona.

12

     11.     At all times material hereto, Tam Enterprises, Inc. was incorporated in the State

13

of Arizona and has its principal place of business at 377 N Montezuma #105, Prescott, AZ

14

86301.

15

     12.     At all times material hereto, and consistent with the information provided by the

16

Arizona Corporate Commission, Tam Enterprises, Inc. operates under the trade name "Canton

17

Dragon Chinese Cuisine" located at 377 N Montezuma #105, Prescott, AZ 86301.

18

     13.     At all times material hereto, Tam Business, LLC was incorporated in the State of

19

Arizona and has its principal place of business at 7305 E. Pav Way, Prescott Valley, AZ

20

86314.

21

     14.     At all times material hereto, and consistent with the information provided by the

22

Arizona Corporate Commission, Tam Business, LLC operates under the trade name "Canton

23

Dragon Chinese Cuisine" located at 7305 E. Pav Way, Prescott Valley, AZ 86314.

24

25

15.     Upon information and belief, and consistent with information provided by the Arizona Corporate Commission, Defendants Sit Meng Tam and Li Chang Ma own Tam Business, LLC and Tam Enterprises, Inc. and make all managerial and ownership decisions and behalf of the corporations.

16.     Upon information and belief, at all times material hereto, Defendant Sit Meng Tam was and continues to be a resident of Yavapai County, Arizona.

17.     Upon information and belief, at all times material hereto, Defendant Li Chang Ma was and continues to be a resident of Yavapai County, Arizona.

18.     Sit Meng Tam and Li Chang Ma have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

19.     At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. §203(e)(1).

20.     The provisions set forth in 29 U.S.C § 207 of the FLSA apply to Defendants.

21.     At all relevant times, Defendants were and continues to be an employer as defined in 29 U.S.C. § 203(d).

22.     On information and belief, Defendants are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

23.     All Defendants are co-equally liable for all matters.

24.     At all times material to this action, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

25.     Upon information and belief, at all relevant times, the annual gross revenue of

1  Defendant exceeded $500,000.00.

2

3                    **FACTUAL BACKGROUND**

4

5       26.    Canton Dragon Chinese Cuisine is a restaurant specializing in Chinese cuisine.

6       27.    Defendants hired Plaintiff in September 2012 as a dishwasher and a prep-cook.

7       28.    Plaintiff Cross's job responsibilities included washing all dishware and pans used

8  in the restaurant and cutting meat and produce as needed.

9       29.    Plaintiff was paid $1800.00 per month.

10      30.    Plaintiff was a non-exempt an employee.

11      31.    Plaintiff was not a manager.

12      32.    Plaintiff did not exercise discretion and independent judgment with respect to

13  matters of significance.

14      33.    During this time, Plaintiff regularly worked approximately 70 hours per week.

15      34.    From September 2012 and continuing through the present, Defendants have

16
17  failed to properly compensate Plaintiff for his hours worked.

18      35.    From September 2012 and continuing through the present, Defendants have

19  failed to properly compensate Plaintiff for his overtime hours.

20      36.    Upon information and belief, the records concerning the number of hours worked

21
22  and amounts paid to Plaintiff are in the possession and custody of the Defendants.

23      37.    Defendants' failure and/or refusal to properly compensate Plaintiff at the rates

24  and amounts required by the FSLA were/was willful.

25      38.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his

1   rights under the FLSA.

2       39.     Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C., to

3   represent him in this litigation and has agreed to pay a reasonable fee for the services rendered

4   in the prosecution of this action on his behalf.

5

6                              **COUNT ONE**
                  **VIOLATION OF FAIR LABOR STANDARDS ACT §206**
7

8       40.     Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth

9   herein.

10      41.     Pursuant to 29 U.S.C. § 206, Defendant was required to pay Plaintiff at least the

11  amount of the federal minimum wage, when those wages were due for each hour plaintiff

12  worked.

13      42.     Defendants willfully failed and refused to pay Plaintiff at least the amount of the

14  federal minimum wage, when those wages were due.

15

16      43.     Plaintiff is entitled to collect the difference between the received wages and the

17  wages due, over the past three years, in an amount to be proved at trial, in addition to

18  liquidated damages in the same amount, together with costs, disbursements and reasonable

19  attorney fees pursuant to 29 U.S.C. §216(b).

20      44.     Plaintiff has been required to bring this action to recover federal minimum wages

21  remaining due and unpaid, and statutory liquidated damages.

22      WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor

23  against Defendants:

24

25          a.  Awarding Plaintiff compensation in the amount due to them for unpaid

minimum wages in an amount proved at trial;

   b.  Awarding Plaintiff liquidated damages in an amount equal to the award;

   c.  Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

   d.  For Plaintiffs' costs incurred in this action;

   e.  Awarding Plaintiffs' pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

   f.  Awarding Plaintiffs' post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

   g.  For such other and further relief as the Court deems just and proper.

## COUNT TWO
## <u>VIOLATION OF FAIR LABOR STANDARDS ACT §207</u>

45.    Plaintiffs incorporate and adopt preceding paragraphs as if fully set forth herein.

46.    While employed at Defendants, Plaintiff regularly worked multiple hours of overtime a week.

47.    Defendant was a non-exempt employee.

48.    Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

49.    Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with § 207 of the FLSA.

50.    As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages

1    by failing to receive compensation in accordance with § 207 of the FLSA.

2        51.    Under 29 U.S.C. §216, Defendants are liable to Plaintiff for an amount equal to

3    one and one-half times their regular pay rate for each hour of overtime worked per week.

4        52.    In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to

5    recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

6

7        53.    Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA,

8    were willful.

9        54.    Defendants have not made a good faith effort to comply with the FLSA.

10        55.    Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §

11    216(b).

12        WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor

13    against Defendants:

14

15            a.  Awarding Plaintiff overtime compensation in the amount due to him for all of

16                Plaintiff's time worked in excess of forty (40) hours per work week at an

17                amount equal to one and one-half times Plaintiff's regular rate while at work

18                for Defendants;

19            b.  Awarding Plaintiff liquidated damages in an amount equal to the overtime

20                award;

21            c.  Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the

22                litigation pursuant to 29 U.S.C. § 216(b);

23

24            d.  For Plaintiff's costs incurred in this action;

25            e.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all

amounts set forth in subsections (a) and (b) above from the date of the
payment due for that pay period until paid in full;

    f.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all
awards from the date of such award until paid in full;

    g.  For such other and further relief as the Court deems just and proper.

## COUNT THREE
## DECLARATORY JUDGMENT

56.    Plaintiffs incorporate and adopt paragraphs 1 through 67 above as if fully set forth herein.

57.    Plaintiff and Defendants have a Fair Labor Standards Act dispute pending.

58.    The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

59.    Plaintiff may obtain declaratory relief.

60.    Defendants employed Plaintiff.

61.    Defendants are enterprises covered by the FLSA.

62.    Plaintiff is individually covered by the FLSA.

63.    On certain occasions, Plaintiff was not compensated at a rate of at least minimum wage for work performed for Defendants.

64.    Plaintiff is entitled to overtime wages pursuant to 29 U.S.C. §207.

65.    Defendants did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

66.    Plaintiff is entitled to an equal amount of liquidated damages as Defendants'

policy of failing to pay proper overtime compensation remains in effect.

67.    Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

68.    It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

69.    The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

    b.  For Plaintiff's costs incurred in this action.

    c.  Awarding Plaintiff's reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    d.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and all similarly situated employees  hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

1  Dated:  June 10, 2013                    Respectfully submitted,

2                                           PHILLIPS DAYES LAW GROUP PC

3                                           ____/s/ Trey  Dayes_____
4                                           Trey Dayes
                                            treyd@phillipslaw.com
5                                           Attorney for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25